UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-184-KSF

TERI MOSIER                                                                                          PLAINTIFF

v.                                              **OPINION AND ORDER**

THE COMMONWEALTH OF KENTUCKY. *et. al.*                                    DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, The Commonwealth of Kentucky (the "Commonwealth"), to dismiss the claims of the plaintiff, Teri Mosier, against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and/or to strike the Commonwealth pursuant to Federal Rule of Civil Procedure 12(f).[1]  For the reasons set forth below, the court will DENY the motion.

**I.    FACTUAL BACKGROUND**

According to the plaintiff's complaint, she is an attorney licensed to practice law in Kentucky.  She is deaf and is substantially limited in the major life activities of hearing and speaking and is unable to participate fully in court proceedings without appropriate auxiliary aids or services but is able to participate fully when qualified sign language interpreter services are provided.  The plaintiff alleges that she requested that the defendants make certain, reasonable accommodations for her so that she is able to participate fully in court proceedings.  The plaintiff alleges that the defendants refused to make the accommodations and that as a result of the defendants' policy that

---

[1] The other defendants in this action have filed an Answer to the plaintiff's Complaint and are not party to the Commonwealth's Motion to Dismiss and/or Strike.

"does not provide interpreting services for attorneys, public defenders, law enforcement officers, jail officials, other state agency employees, social workers or mental health workers," she is unable to represent clients in defendants' courts.

The plaintiff filed this action against the Commonwealth and the other defendants, Chief Justice John D. Minton, Jr. in his official capacity,[2] the Administrative Office of the Courts (the "AOC") and Jason Nemes in his official capacity as Director of the AOC, seeking compensatory damages and other specific relief pursuant to the Americans with Disabilities Act and the Rehabilitation Act. The Commonwealth filed this motion to dismiss pursuant to FRCP 12(b)(6) claiming that the plaintiff failed to state a claim upon which relief may be granted and/or asking the court to strike it from the proceedings pursuant to FRCP 12(f). The plaintiff filed a timely response. The Commonwealth failed to reply within the allotted time frame. This matter is now ripe for review.

**II.   ANALYSIS**

The Commonwealth argues that naming it as a party is redundant and that the court should strike the claims against it from the pleading pursuant to Rule 12(f). Since the Commonwealth has not established that the claims against it are "redundant" the court will deny the motion.

Rule 12(f) provides that a court may, on its own or upon the motion of a party, strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Such motions are disfavored and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties in the action. *McInerney v. Moyer*

---

[2] The plaintiff originally filed the action against Chief Justice Joseph Lambert. Chief Justice Lambert retired effective June 27, 2008, and Chief Justice Minton replaced him as the executive head of the Kentucky Court of Justice.

*Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002). A motion to strike "was never intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Burke v. Mesta Machine Co.*, 5. F.R.D. 134, 139 (W.D. Pa. 1946). A "redundant" matter consists of allegations that constitute needless repetition of other arguments in the pleadings. 5 Charles Alan Writ & Arthur R. Miller, Federal Practice & Procedure § 1382 (2d ed. 1990). *See also*, *Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F. Supp. 96 (D.N.J. 1963) and *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1299 (D. Nev. 2003).

The Commonwealth argues that the claims against it are "redundant and unnecessary" because the plaintiff has failed to state a claim for relief against the Commonwealth which she cannot obtain from one of the other named defendants. While it may be true that the plaintiff need not name the Commonwealth as a party in order to recover damages for the alleged claims, there is no prohibition from doing so. The claims against the Commonwealth are not a "needless repetition" of other arguments in the Complaint; instead, the allegations against the Commonwealth are separate and distinct claims against a separate and distinct party. Thus, the court will deny this request.

The Commonwealth titled its motion a "Motion to Dismiss and/or Strike" and cited Rule 12(b)(6) as grounds for dismissing the claims against it; however, the Commonwealth does not explain the basis for this request. Nevertheless, the court has reviewed the request and finds that the complaint sets forth viable claims against the Commonwealth under the ADA and the Rehabilitation Act.

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Persian*

*Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994). The plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In short, the issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether she is entitled to offer evidence in support of her claims.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a prima facie case under Title II, a plaintiff must establish that: (1) she qualifies as a disabled individual; (2) she was excluded from participation in or was denied the benefits of some service, program or activity by reason of her disability; and (3) the entity providing the service, program or activity is a public entity. *Id.*

Here, the plaintiff alleges that she is a qualified individual with disability as defined in 42 U.S.C. 12131(2) and that the Commonwealth, as a state government, is a "public entity" as defined in 42 U.S.C. § 12131(1). Complaint at ¶¶ 22 and 23. She also alleges that the Commonwealth "have and continue to discriminate intentionally" against her "by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for [her] to participate in [its] programs and activities and to ensure effective communication with [her]." Complaint at ¶ 25. Thus, the court finds that she has sufficiently stated a prima facie case of discrimination under the ADA and the claim will not be dismissed.

To make out a prima facie case for discrimination under the Rehabilitation Act, a claimant must establish four elements: (1) that she is disabled; (2) that she was otherwise qualified for the position; (3) that she was excluded solely by reason of her disability; and (4) that the relevant program is receiving federal financial assistance. Rehabilitation Act of 1973, § 504(a), 29 U.S.C. § 794(a). The plaintiff has sufficiently stated a claim under the Rehabilitation Act. She alleges that she is "a qualified individual with a disability" and that the Commonwealth is a recipient of federal financial assistance. Complaint at ¶¶ 28 and 29. The plaintiff also alleges that the Commonwealth has and continues to discriminate against her in violation of the Rehabilitation Act. Complaint at ¶ 31.

The Commonwealth also asserts that the plaintiff named Jack Conway, attorney general, as a party and that doing so is inappropriate. In her response, the plaintiff explains that she has not named Jack Conway as a party; rather, she lists him as the agent for service of process for the Commonwealth. Thus, the request to dismiss Jack Conway is moot.

### III. CONCLUSION

Based upon the foregoing and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the motion of the Commonwealth of Kentucky [DE 13] to dismiss the plaintiff's claims against it and/or strike it from the complaint is **DENIED**.

This 11th day of September, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**